Brown
Goldstein
& Levy

Eve L. Hill
ehill@browngold.com

August 18, 2026

Nwamaka Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

**RE: In re: 2025 Subpoena to Children's Nat'l Hospital, No. 26-1104**

Dear Ms. Anowi:

Appellees respond to DOJ's August 17, 2026 letter concerning a divided Ninth Circuit panel's decision in *QueerDoc, PLLC v. U.S. Department of Justice*, No. 25-7384 (9th Cir. Aug. 14, 2026).

*QueerDoc* arose in a different posture with a different factual record. There, a telehealth provider challenged the subpoena, not patients and families seeking to protect their own medical records. QueerDoc challenged the subpoena in its entirety and obtained an order quashing the whole subpoena based solely on improper purpose, without any ruling on overbreadth or undue burden. Slip op. 19. Here, Appellees challenged only Requests 11-13, which demand patient-identifying and sensitive clinical records, and the district court entered narrow relief to protect patients' privacy interests. JA20-25.

*QueerDoc* did not hold that DOJ is entitled to patient medical records. Rather, the panel expressly remanded for the district court to "entertain any objections specific to DOJ's requests for patient medical records . . . [that] would raise concerns about patient privacy." Slip op. 54. It stated that any overbreadth in patient-information requests, "an issue the district court did not reach and the parties briefed only minimally," would support narrowing the subpoena, not wholesale quashal. Slip op. 46. That is exactly what the district court did below.

Nor does *QueerDoc* establish that patient records are relevant in every FDCA investigation involving pediatric transgender healthcare. The panel's brief discussion of Requests 11-13 rested on circumstances absent here: QueerDoc's public webpages allegedly promoted off-label use, provided injection instructions and pharmacy links, claimed puberty blockers were "completely reversible," and stated that prescriptions were "usually" ordered under "endocrine disorder," not "gender dysphoria." Slip op. 28. Here, however, the district court found that DOJ offered no comparable CNH-specific basis to suspect any FDCA-proscribed

conduct. JA20-22. Even crediting DOJ's asserted purpose and setting aside the Administration's public statements and directives, the district court found a "patent disassociation" between the scope of the patient records requests and any legitimate FDCA violation. JA22.

In addition, the *QueerDoc* court did not apply this Court's clear-error standard of review. Finally, *QueerDoc* did not address Appellees' independent Fifth Amendment informational-privacy basis for affirmance.

Sincerely,

*/s/ Eve L. Hill*

Eve L. Hill
BROWN GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 2500
Baltimore, MD 21202
Tel: (410) 962-1030
Fax: (410) 385-0869
ehill@browngold.com

Joshua D. Rovenger
Donovan C. Bendana
GLBTQ LEGAL ADVOCATES &
DEFENDERS
18 Tremont St., Suite 950
Boston, MA 02108

*Counsel for Appellees*

cc: All Counsel